UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | *Criminal No. 06-94-P-S* |
| | ) | |
| DAVID JACKSON, | ) | |
| | ) | |
| Defendant | ) | |

*MEMORANDUM DECISION ON DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS INDICTMENT*

The defendant, David Jackson, moves for leave to file a motion to dismiss the indictment due to pre-indictment delay. Defendant David Jackson's Motion Requesting Leave to File Motion to Dismiss Indictment, etc. ("Motion") (Docket No. 54). The deadline for filing pre-trial motions in this case was January 29, 2007. Docket No. 19. The deadline was extended to this date at the defendant's request, on his second motion for an extension of time. Docket No. 14 & 17. The defendant asserts that he could not have demonstrated the prejudice that is a necessary element of a motion to dismiss an indictment due to pre-indictment delay, *United States v. Soto-Beníquez*, 356 F.3d 1, 25 (1st Cir. 2003), before the extended deadline for filing pre-trial motions, because he could only speculate about any prejudice until witnesses whom he called to testify at the recent evidentiary hearing on his motion to suppress evidence testified that they "had little to no memory of the salient event(s) which were critical to the Defendant's Motion to Suppress," Motion at 2.

The arrest that was the subject of the motion to suppress took place on July 13, 2004. At the evidentiary hearing held before me some of the numerous officers involved in the relevant events, who went to the scene as back-up for other, lead officers who wrote reports about the events and who

1

testified from memory without difficulty, recalled little about the events of that day. That lack of memory is not at all unusual with respect to events in law enforcement officers' busy work lives for which they were not the primary investigators or first responders and in which they played no role other than as backup support.

The motion for leave does not mention the other necessary element that a defendant must demonstrate in order to succeed on a motion to dismiss an indictment when, as is the case here, the statute of limitations is not an issue: that the prosecution orchestrated the delay to gain a tactical advantage. *Soto-Beníquez*, 356 F.3d at 25. In the absence of even an acknowledgement of this requirement, let alone the failure to cite to evidence of any orchestrated delay and to show prejudice from the unsurprising lack of specific memory on the part of some of the officers present when the defendant was arrested, the defendant cannot be said to have demonstrated that his proposed motion to dismiss the indictment on the basis of pre-indictment delay would be anything more than a time-consuming empty gesture.

The motion for leave to file a motion to dismiss based on pre-indictment delay is **DENIED**.

Dated this 11th day of May, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge