```
UNITED STATES DISTRICT COURT
      DISTRICT OF MAINE

DAVID JACKSON,                    )
                                  )
         Movant,                  )
                                  )
v.                                )   2:06-cr-0094-GZS
                                  )   2:10-cv-0407-GZS
                                  )
UNITED STATES OF AMERICA,         )
                                  )
         Respondent,              )
```

**RECOMMENDED DECISION**

David Jackson is pressing a 28 U.S.C. § 2255 motion that contains two straight-up attacks on his sentence and one Sixth Amendment challenge to his counsel's performance. Jackson stands convicted of a federal felon-in-possession of a firearm charge and was sentenced as a career offender. He twice appealed the denial of his motion to suppress. See United States v. Jackson, 608 F.3d 100 (1st Cir. 2010); United States v. Jackson, 544 F.3d 351 (1st Cir. 2008). After the initial remand this Court entered an amended judgment sentencing Jackson to one hundred eighty months in prison and five years of supervised release. (Doc. No. 129.) I now recommend that the Court deny Jackson 28 U.S.C. § 2255 relief.

**DISCUSSION**

Jackson's three 28 U.S.C. § 2255 grounds are as follows. First, Jackson complains that his two prior drug convictions - one in 1998 and one in 2000 - were not sufficiently serious to qualify as predicate 18 U.S.C. § 924(e) offenses. Second, in a very skeletal manner, Jackson asserts that the probation department erred when it calculated his two prior drug convictions as predicates for his Armed Career Offender status. And, third, his attorney was ineffective at

sentencing when he failed to object to the use of Jackson's prior drug offenses for purposes of 18 U.S.C. § 924(e) career offender sentencing exposure.

The United States is right that the first two straight-up challenges to Jackson's sentence are not cognizable in this collateral proceeding given the fact that Jackson has pursued two direct appeals without raising these non-constitutional claims regarding an improper sentence. See Bousley v. United States, 523 U.S. 614 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); Stone v. Powell, 428 U.S. 465 (1976).

With regards to his connected Sixth Amendment claim challenging his attorney's representation, in Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court counseled that a convicted defendant attempting to persuade a habeas court that his or her attorney did not meet the Sixth Amendment standard for effective assistance of counsel must demonstrate both that counsel's performance was deficient within the meaning of the Sixth Amendment and that the constitutionally inadequate performance resulted in prejudice to defendant's criminal case. 466 U.S. at 687. "To prove deficient performance," in a § 2255 proceeding, "a defendant must establish that counsel was not acting within the broad norms of professional competence." Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007) (citing Strickland, 466 U.S. at 687-91). "Furthermore, to prove prejudice, a defendant must establish that but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." Id. at 57-58 (citing Strickland, 466 U.S. at 694). It is impossible to discern from Jackson's § 2255 pleadings how counsel fell below the performance standard of Strickland.

It is Jackson's argument in his 28 U.S.C. § 2255 petition that his attorney failed to object to the probation calculation using his prior drug conviction as a predicate offense for his Armed

2

Career Offender status. (Sec. 2255 Mem. at 20.) The remainder of this argument is purely conclusory. In his reply memorandum Jackson does not address his ineffective assistance of counsel claim.

The relevant paragraphs of the Revised Presentence Investigation Report, Paragraphs 25, 27, and 28, include two drug offenses in addition to a robbery conviction. Jackson was convicted of unlawful trafficking in scheduled drugs on April 16, 1998, and aggravated trafficking or furnishing scheduled drugs on November 2, 2008. (Id. ¶¶ 27, 28.) These are the two paragraphs that Jackson targets in his straight-up challenges to his 18 U.S.C. § 924(e) sentence on the grounds that these two convictions are not "serious drug offenses" within the meaning of § 924(e)(2)(A)(ii). This subsection defines, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(ii).

The crimes at issue are defined by 17-A Me. Rev. Stat. § 1103 and § 1105. At the time of his convictions, section 1103 provided that "a person is guilty of unlawful trafficking in a scheduled drug if the person intentionally or knowingly trafficks in what the person knows or believes to be a scheduled drug, which is in fact a scheduled drug." 17-A Me. Rev. Stat. Ann. § 1103(1) (1997). Section 1105 provided that a "person is guilty of aggravated trafficking ... if ... [t]he person violates section 1103 ... and, at the time of the offense, the person has been convicted of any offense under [the same] chapter punishable by a term of imprisonment of more than one year." 17-A Me. Rev. Stat. Ann. § 1105(1)(B) (2000). The term trafficking as used in both statutes means "[t]o make, create, manufacture... [or] sell, barter, trade, exchange or

otherwise furnish for consideration ... [or] to possess with the intent to [manufacture, sell, barter, or exchange]." 17-A Me. Rev. Stat. Ann. § 1101(17) (1997); 17-A Me. Rev. Stat. Ann. § 1101(17) (2000). Both offenses involving the trafficking of crack cocaine were subject to maximum sentences of at least 10 years. See 17-A Me. Rev. Stat. Ann. § 1103(2) (1997); 17-A Me. Rev. Stat. Ann. § 1105(2) (2000).

Nothing in Jackson's initial Section 2255 motion or his reply memorandum explains how counsel could have persuaded the court to go against this clearly correct legal resolution of Jackson's Armed Career Offender status. There simply is no Strickland performance shortfall.[1]

## CONCLUSION

For these reasons, I recommend that the Court deny Jackson 28 U.S.C. § 2255 relief. I further recommend that a certificate of appealability should not issue in the event Jackson files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 14, 2011

---

[1] This conclusion also means that even if Jackson could bring his straight-up challenges to his sentence such challenges would have no underlying merit.