UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID JACKSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 2:13-cv-00383-GZS |
| | ) | 2:06-cr-00094-GZS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

On October 15, 2013, David Jackson filed a motion in this court pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction for possession of a firearm by a felon on the basis that he believes the recently penned United States Supreme Court decision of <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), so changed the legal landscape of what constitutes a violent felony for purposes of sentencing under the Armed Career Criminal Act that Jackson is entitled to be resentenced without reference to a 15-year mandatory minimum provision of the ACCA. Because this motion represents Jackson's second petition brought under section 2255 and filed in this court, I recommend that the petition be dismissed without prejudice to whatever relief Jackson may be able to obtain in the Court of Appeals.

## BACKGROUND

On September 29, 2010, Jackson filed a timely motion to vacate, raising three separate grounds. First, Jackson complained that his two prior drug convictions - one in 1998 and one in 2000 - were not sufficiently serious to qualify as predicate 18 U.S.C. § 924(e) offenses. Second, in a very skeletal manner, Jackson asserted that the probation department erred when it calculated his two prior drug convictions as predicates for his armed career offender status.

Third, Jackson asserted that his attorney was ineffective at sentencing when he failed to object to the use of Jackson's prior drug offenses for purposes of section 924(e)'s career offender sentencing exposure.  I issued a recommendation that the petition be denied and on April 1, 2011, the District Court affirmed that recommendation and denied the motion.  No appeal was ever taken.  Now, more than two years after final judgment entered, Jackson has filed his second motion seeking relief pursuant to section 2255.

## DISCUSSION

In his most recent pleading, Jackson attempts to make the case that the effect of Descamps v. United States, 133 S. Ct. 2276 (2013), is that his prior state conviction for robbery does not qualify as a violent felony because it was actually "more of a discrimination issue by a white male who did not like African-Americans." (Mot. to Vacate at 4, ECF No. 152.)  To the best of my knowledge Jackson has never before challenged the fact of the prior robbery conviction or its use at sentencing as a predicate felony crime of violence.  Both of his direct appeals related to the pretrial motion to suppress.  See United States v. Jackson, 608 F.3d 100 (1st Cir. 2010);  United States v. Jackson, 544 F.3d 351 (1st Cir. 2008).  As indicated above, the first section 2255 motion concerned itself with the two prior drug offenses and did not delve into the state court robbery conviction.

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which, among other things, introduced a bar against federal prisoners filing second or successive habeas motions absent certification by the appropriate court of appeals that a motion contains either (1) newly discovered evidence capable of establishing by a clear and convincing evidentiary standard that no reasonable factfinder would have found the prisoner guilty or (2) "a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h) (referencing the certification requirement of 28 U.S.C. § 2244). Based on this statutory provision, a district court lacks jurisdiction to address the merits of a second or successive habeas motion attacking a federal conviction or sentence "unless and until the court of appeals has decreed that it may go forward." Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)). See also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Rules Governing Section 2255 Cases, Rule 9 (imposing the same requirement).

Jackson's section 2255 motion runs headlong into the section 2255(h) bar. His motion is, in substance, a section 2255(a) motion asserting that his sentence was imposed in violation of the Constitution based on the Descamps decision. He is arguing that the criminal conviction judgment is improper in light of new Supreme Court precedent. In order to make that argument, he must get leave from the Court of Appeals. As the Court of Appeals observed in Pepe v. Rodwell, the AEDPA regimen for restricting district court action on second or successive habeas motions and petitions is "harsh," but it is something that this court is not free to disregard. 324 F.3d 66, 72. Under the circumstances, the court must dismiss Jackson's motion for lack of subject matter jurisdiction. Id. at 73.

## CONCLUSION

For the reasons stated above, I recommend that the Court dismiss Jackson's motion under 28 U.S.C. § 2255, without prejudice. I further recommend that a certificate of appealability should not issue in the event Jackson files a notice of appeal because there is no substantial

showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 18, 2013           /s/ Margaret J. Kravchuk
                           U.S. Magistrate Judge