# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DAVID JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Docket no. 2:16-cv-187-GZS |
| | )             2:06-cr-94-GZS |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## ORDER GRANTING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

Before the Court is Petitioner David Jackson's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 168 in 2:06-cr-94-GZS).  For reasons briefly explained herein, the Motion is GRANTED.

David Jackson is currently serving a 180-month sentence on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  This sentence reflects the Court's determination that Jackson was subject to a fifteen year mandatory minimum under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  Specifically, the Court relied on the following three prior felony convictions in sentencing Jackson under ACCA:  (1) a 1998 Maine Robbery conviction (PSR ¶ 25); (2) a 1998 Maine conviction for Unlawful Trafficking in Scheduled Drugs (PSR ¶ 27); and (3) a 2000 Maine conviction for Aggravated Trafficking of Scheduled Drugs (PSR ¶ 28).  Following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), Jackson now argues that he no longer has the three requisite convictions for the fifteen year mandatory minimum sentence under ACCA.  See also Welch v. United States, 136 S. Ct.

1257, 1265 (2016). His argument focuses on his 1998 Maine Robbery conviction; thus, the Court begins with an examination of that conviction.

### Jackson's 1998 Robbery Conviction under 17-A M.R.S.A. § 651(1)(C)

At the time of Jackson's robbery conviction, the applicable Maine statute, 17-A M.R.S.A. § 651, provided as follows:

> 1. A person is guilty of robbery if he commits or attempts to commit theft and at the time of his actions:
>
> A. He recklessly inflicts bodily injury on another;
> B. He threatens to use force against any person present with intent:
> (1) to prevent or overcome resistance to the taking of the property, or to the retention of the property immediately after the taking; or
> (2) to compel the person in control of the property to give it up or to engage in other conduct which aids in the taking or carrying away of the property;
> C. He uses physical force on another with the intent enumerated in paragraph B, subparagraphs (1) or (2);
> D. He intentionally inflicts or attempts to inflict bodily injury on another; or
> E. He or an accomplice to his knowledge is armed with a dangerous weapon in the course of a robbery as defined in paragraphs A through D.
>
> 2. Robbery as defined in subsection 1, paragraphs A and B, is a Class B crime. Robbery as defined in subsection 1, paragraphs C, D, and E is a Class A Crime.

17-A M.R.S.A. § 651 (1998).[1]

As Jackson acknowledges in his Motion, the statute is "divisible" thereby triggering the use of the modified categorical approach and an examination of available Shepard-approved documents as contemplated by Descamps v. United States, 133 S. Ct. 2276, 2284 (2013). (Def. Mot. (ECF No. 168) at 6.) Petitioner and the Government additionally both agree that this Court should look to the Indictment, dated October 30, 1997, and the Judgment, dated April 16, 1998 (Def. Ex. 1 (ECF No. 168-1)). (Def. Mot. (ECF No. 168) at 6; Gov't Response (ECF No. 174) at

---

[1] The Court notes that section 651 subsequently was amended in 2001. As a result, the current version of the statute is different from the text just-quoted.

6-7.) The Indictment charging Jackson with violating 17-A M.R.S.A. § 651 states the charge is a "CLASS A CRIME" and specifically alleges:

> On or about the 13th day of May, 1997, at Lewiston, County of Androscoggin, State of Maine, the above-named Defendant, DAVID S. JACKSON, aka "SCOOBY", did commit or attempt to commit theft by obtaining or exercising unauthorized control over the property of [the victim], namely, money, of a value not in excess of One Thousand Dollars,($1,000.00), with the intent to deprive the said [victim] thereof, and *at the time of said theft, Defendant did use force upon [victim]*, who was then present and in control of said property, with the intent to compel [victim] to give it up, or to prevent or overcome resistance to the taking of the property or to the retention of the property immediately after the taking.

(Indictment (ECF No. 168-1) at PageID # 1276 (emphasis added).) Petitioner and the Government agree that this language of the Indictment makes it clear that Defendant was charged and convicted of violating 17-A M.R.S.A. § 651(1)(C). (See Def. Mot. at 7; Gov't Response at 7-8.)

Where Jackson and the Government part ways is on the issue of the requisite level of force required under 17-A M.R.S.A. § 651(1)(C) and whether Jackson's robbery conviction necessarily involved "force capable of causing physical pain or injury to another person." See Johnson v. United States, 559 U.S. 133, 140 (2010). Section 651(1)(C), as charged in the 1998 Jackson case, required finding that Jackson used physical force on his victim with the intent to compel the victim in control of the money to give it up, or to prevent or overcome the victim's resistance to the taking of the money, or to retain the money immediately after the taking. (Indictment at PageID # 1276.) Both Jackson and the Government agree that the applicable Maine cases that elucidate what is required for a conviction under section 651(1)(C) are: (1) Raymond v. State, 467 A.2d 161 (Me. 1983) and (2) State v. Rembert, 658 A.2d 656 (Me. 1995).

In Raymond, the Law Court reviewed a claim of ineffective assistance of counsel based on the jury charge provided in an underlying trial of a robbery charged under 17-A M.R.S.A. § 651(1)(C). The Law Court endorsed the trial court's instruction on physical force, which stated in

3

relevant part: "[P]hysical force is a self explanatory term. I would suggest to you it is a forceful act, one which is occasioned by our physical means, our hands, the body as opposed to mental force, mental persuasion. So it's the offering of actual physical force. There is no requirement under the law that you have to determine the extent of physical force. In other words, there is [sic] no degrees in this particular statute. You don't have to determine it was serious, mediocre, or whatever. It's just the fact of physical force . . . ." Raymond, 467 A.2d at 163. The Law Court ultimately described this instruction as "a correct statement of the law as applied to the facts of the case being submitted to the jury" and concluded that "*any* physical force with the intent specified in section 651(1)(B) should be sufficient to raise a theft offense to the level of robbery." Id. at 164-65 (emphasis added). In reaching this conclusion, the Law Court concluded that under the applicable language of section 651 "the mere act of snatching a purse from the hand of a victim is a sufficient act of physical force required for robbery." Id. at 164. In the later Rembert decision, the Law Court held that assault could be deemed a lesser included offense of a robbery charge under 17-A M.R.S.A. § 651(1)(C) because the "physical force" required under this section "necessarily constitutes 'offensive physical contact' within the meaning of [the applicable Maine assault statute]." Rembert, 658 A.2d at 657. In reaching this conclusion, the Law Court cited Raymond and reaffirmed that "physical force does not require any direct bodily contact between the robber and the victim." Id.

      The Court necessarily acknowledges that the language of Raymond and Rembert would appear to allow for an "ordinary case" in which a person was convicted of violating 17-A M.R.S.A. § 651(1)(C) by committing a robbery with physical force that is less than the force capable of causing physical pain or injury to another person. Johnson, 135 S. Ct. at 2557. Examining the Shepard-approved documents in Jackson's robbery case, the Court cannot conclude that the

physical force Jackson used upon his victim to extract the money, which was the focus of the theft element, was necessarily force capable of causing physical pain or injury to the victim.  In short, the Court concludes that Jackson's 1998 Maine Robbery conviction is not an ACCA-qualifying conviction as a "violent felony" under the "force clause."  See 18 U.S.C. § 924(e)(2)(B)(i) (defining violent felonies to include a felony conviction that "has as an element the use, attempted use, or threatened use of physical force against *the person* of another") (emphasis added).

**Jackson's 1994 Assault Case**

Assuming that Jackson's robbery conviction no longer qualifies as an ACCA violent felony, the Government alternatively proffers the convictions listed in paragraph 19A of the Presentence Report as ACCA-qualifying convictions.  There are two counts associated with this Massachusetts case: (1) Assault by Dangerous Weapon and (2) Assault and Battery on a Public Servant.  According to the Presentence Report, on September 30, 1994, both counts were disposed by "Sufficient Facts to Warrant a Finding of Guilty, Continued without finding for 12 months." The First Circuit has confirmed that Assault by Dangerous Weapon ("ADW") under Massachusetts law does qualify as a violent felony under ACCA's Force Clause.  See United States v. Whindleton, 797 F.3d 105, 111-116 (1st Cir. 2015).

Nonetheless, Jackson, in reply, cites United States v. Carey, 716 F. Supp. 2d 56 (D. Me. 2010) for the proposition that his Massachusetts ADW case does not amount to an ACCA-qualifying conviction due to the disposition by way of "guilty-filed" disposition.  In Carey, Judge Woodcock concluded that he would not treat a defendant's Massachusetts "guilty-filed" dispositions as convictions for ACCA purposes.  See id. at 66;  see also United States v. Tavares, 93 F.3d 10, 17 (1st Cir. 1996) (noting in the course of reviewing an upward departure that the sentencing court has not counted "three 'guilty-filed' dispositions" as ACCA-qualifying

5

convictions). Since the time of the Carey decision, the First Circuit has issued United States v. Curet, 670 F.3d 296 (1st Cir. 2012). In Curet, the First Circuit examined the effect of Massachusetts "guilty-filed" dispositions and determined that such dispositions qualify as convictions under the career offender guidelines. Id. at 303-08. However, in reaching this conclusion, the First Circuit expressly said that it would "not comment on whether Carey was correctly decided" and, instead, noted that "the ACCA language at issue in Carey differs from the language of the guidelines at issue here." Id. at 307 n.9. In short, the First Circuit has yet to decide when and under what circumstances a "guilty-filed" disposition might be deemed a conviction for purposes of ACCA. Nonetheless, in the absence of First Circuit precedent, the Court finds no the analysis found in United States v. Carey, persuasive. See 716 F. Supp. 2d at 62-66.

As applicable to ACCA, 18 U.S.C. § 921(a)(20) states that "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." As explained by the Massachusetts Supreme Judicial Court, the disposition of criminal matters under Massachusetts General Law c. 278 § 18 is

> in many respects, the functional equivalent of a guilty plea. While that characterization of an admission to sufficient facts was initially premised on the prior procedures of the two-tier District Court system, it remains accurate under current practice. Pursuant to G.L. c. 278, § 18, a defendant may tender 'an admission of facts sufficient for finding of guilt,' and 'such admission shall be deemed a tender of a plea of guilty for purposes of the procedures set forth in this section.' Those procedures include . . . a continuance without a finding to a specific date, conditioned on compliance with specific terms, at which time the charge will be dismissed. However, in the event of a violation of those conditions, the 'admission' remains and may ripen into an adjudication of guilt and imposition of sentence. Thus, where an admission to sufficient facts may lead to either an immediate conviction and sentence, or may do so during the continuance period in the event of a violation of the continuance terms, it remains appropriate to treat an admission to sufficient facts as the equivalent of a plea of guilty. . . .

Commonwealth v. Villalobos, 777 N.E.2d 116, 119-20 (Mass. 2002) (internal citations and footnotes omitted). The only evidence the Court has regarding the disposition of Jackson's "guilty

6

filed" disposition is what is contained in the Presentence Report.[2] On the current record and in light of the existing precedent, the Court cannot find that Jackson's ADW case amounts to an additional ACCA-qualifying conviction. See Carey, 716 F. Supp. 2d at 62-66; see also United States v. Cordova, No. 7:13-cr-90-D, 2014 WL 4443294 *5 & n.4 (E.D.N.C. 2014) (concluding that a Massachusetts ADW case in which the defendant had "tendered an 'admission to facts sufficient for a finding of guilty'" could not "serve as a predicate for a violent felony conviction under ACCA").

Having concluded that Jackson's 1998 Maine Robbery conviction is not a "violent felony" under the "force clause" of ACCA, and having further concluded that the Government has not met its burden to establish that Jackson's 1994 Massachusetts ADW case is an ACCA-qualifying conviction, the Court hereby GRANTS David Jackson's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 and ORDERS that Jackson be resentenced under 18 U.S.C. § 922(g)(1).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 6th day of June, 2016.

---

[2] Jackson received a "continued without finding" for twelve months on September 30, 1994. The Court notes that the PSR lists three additional offenses that Jackson committed in the time period between September 30, 1994 and September 30, 1995 (PSR ¶¶ 20-22). However, the Government has not presented any Shepard-approved documents that would allow the Court to find that this ADW case did in fact "ripen into an adjudication of guilt and imposition of sentence." Id.

7